# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **CHERYL THORNHILL, ET VIR.** | * | **CIVIL ACTION NO. 07-0064** |
| **VERSUS** | * | **JUDGE DRELL** |
| **ALEXANDRIA MALL COMPANY, ET AL.** | * | **MAGISTRATE JUDGE KIRK** |

## ORDER

Plaintiffs filed the above-captioned matter in federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332.[1] When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*. In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly

---

[1] Several dispositive motions are currently pending before the undersigned. (February 20, 2009, Order [doc. # 120]). Before reaching the merits, however, the court must assure subject matter jurisdiction. *See, Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction). Although the pending motions relate to various cross-claims and/or third-party actions, original subject matter jurisdiction does not readily appear on the face of those complaints. However, the court may exercise supplemental jurisdiction over these ancillary claims provided there is original jurisdiction over the principal demand. 28 U.S.C. § 1367; *see, State Nat. Ins.Co., Inc. v. Yates*, 391 F.3d 577, 579-580 (5th Cir. 2004).

and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Simply alleging that a corporation is a "foreign insurer" does not establish place of incorporation for jurisdictional purposes. *Getty Oil, supra*.

In addition, the citizenship of limited liability companies ("LLC"), partnerships, and limited partnerships is determined by their respective members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (LLC's); *International Paper Co. v. Denkmann Associates*, 116 F.3d 134, 137 (5th Cir. 1997) (partnerships); and *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 856 (5th Cir. 2003) (limited partnerships).[2] **Citizenship must be traced through however many layers of members there may be.** *See, W W McC L L C v. Hangar Inc.*, 2007 WL 2693666 (W.D. La. Sept. 10, 2007) (citations omitted).[3]

In this case, plaintiffs have amended their original complaint on at least three occasions to assert claims against the following LLC's, Alexandria Mall I, LLC; Alexandria Mall II, LLC; Alexandria Mall III, LLC; Alexandria Mall Radiant, LLC; and Xencom Facility Management, LLC. (*See*, Suppl. & Amend. Compls. [doc. #s 1, 14, 29, & 37]).[4] Plaintiffs, however, failed to affirmatively allege the state(s) where the LLC's are organized. If the LLC's are considered unincorporated associations under that state's law, then plaintiffs have failed to allege each

---

[2] Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10). However, the laws of the state(s) where the defendant LLC's are organized may differ. If so, plaintiffs shall address this issue in their amended complaint.

[3] For example, if the membership of an LLC includes another LLC or partnership, then the membership and citizenship of each of these entities must be identified, and so on.

[4] Xencom appears to be organized under Texas law. (*See*, Corp. Disclosure Statement [doc. # 49]. However, the citizenship of its members is not alleged. *Id*.

LLC's members and their citizenship. If the LLC's are deemed corporations under the law of the state(s) where they are organized, then plaintiffs have failed to affirmatively allege their states of incorporation and principal places of business. Furthermore, plaintiffs failed to allege the principal place of business for the corporate defendant, Young Contracting Co., Inc.[5]

Accordingly, within the next 15 days from today, plaintiffs are granted leave of court to file an amended complaint which establishes diversity jurisdiction. *See*, 28 U.S.C. § 1653.[6] If plaintiffs fail to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] Plaintiffs also did not allege the citizenship of defendant, Mydatt Services, Inc. d/b/a Valor Security Services. However, its citizenship may be gleaned from its corporate disclosure statement. [doc. # 33].

[6] Lest the parties think that this is a hyper-technical exercise, they are referred to *Mullins v. Testamerica, Inc.*, 2008 WL 4888576 (5th Cir. Nov. 13, 2008) (unpubl.); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001); and the other cases cited above.