# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **CHERYL THORNHILL, ET VIR.** | * | **CIVIL ACTION NO. 07-0064** |
| | | |
| **VERSUS** | * | **JUDGE DRELL** |
| | | |
| **ALEXANDRIA MALL COMPANY, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice

of intent to dismiss for lack of subject matter jurisdiction. (*See*, February 27, 2009, Order [doc. #

123]). For reasons stated below, it is recommended that this matter be DISMISSED, without

prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

## Background

On January 11, 2007, Louisiana domiciliaries, Cheryl Thornhill and her husband, Rusty

Thornhill, filed the instant suit for damages stemming from a December 8, 2006, trip and fall

suffered by Cheryl Thornhill at the Alexandria Mall in Alexandria, Louisiana. (Compl.).

Plaintiffs filed suit in this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Named

defendants, as set forth in the latest amended complaint(s) include, Alexandria Mall I, LLC;

Alexandria Mall II, LLC; Alexandria Mall III, LLC; Alexandria Mall Radiant, LLC; Xencom

Facility Management, LLC; Young Contracting Co., Inc.; and Mydatt Services, Inc. d/b/a Valor

Services, Inc. (*See e.g.*, 5th Suppl. & Amend. Compl. [doc. # 155]).[1]

---

[1] The original complaint included two fictitiously named insurance companies, ABC and
XYZ. (Compl., ¶ 1). Plaintiffs represented that they would substitute properly named companies

On February 27, 2009, the undersigned reviewed the complaint, as amended, and observed that it did not affirmatively allege the members and citizenship of the defendant LLCs or the principal place of business for corporate defendant, Young Contracting Co., Inc. (February 27, 2009, Order [doc. # 123]).[2] Thus, the court granted plaintiffs 15 days from February 27, 2009, to file an amended complaint that established diversity jurisdiction. *Id*. Plaintiffs were cautioned that if they failed to so comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*.

Over the course of three months, and in the wake of at least two additional orders and three more amended complaints, plaintiffs managed to properly set forth the citizenship of four named defendants: Alexandria Mall Radiant, LLC;[3] Xencom Facility Management, LLC;[4] Young Contracting Co., Inc.;[5] and Mydatt Services, Inc. d/b/a Valor Services, Inc.[6] However, in their Sixth Supplemental and Amending complaint (their latest), plaintiffs were unable to

---

after discovery, but have yet to do so. *Id*.

[2] The undersigned further observed that original subject matter jurisdiction did not readily appear on the face of various cross-claims and/or third-party actions in this matter. *Id*.

[3] Alexandria Mall Radiant LLC is wholly owned by Alexandria Mall Radiant Sub LLC, which in turn, is owned by three individuals, David Schonberger, Anne Zahner, and Daniel P. Friedman, who are all domiciled in New York. (6th Suppl. & Amend. Compl., ¶ 26).

[4] Xencom Facility Management, LLC is owned by Xencom Systems, LLC; J. Michael Ponds; and Lawrence Bennett. (6th Suppl. & Amend. Compl., ¶ 26). Xencom Systems, LLC is owned by J. Robert A. Cross and John W. Luxen. *Id*. All four individuals are Texas domiciliaries. *Id*.

[5] Young Contracting Company, Inc. is a Georgia corporation, with its principal place of business in Georgia. (5th Suppl. & Amend. Compl., ¶ 24).

[6] Mydatt Services Inc. is an Ohio corporation, with its principal place of business in Tennessee. (5th Suppl. & Amend. Compl., ¶ 24).

properly allege the citizenship of defendants, Alexandria Mall I, LLC; Alexandria Mall II, LLC; and Alexandria Mall III, LLC. Instead, plaintiffs managed to discover and allege that,

1) **Alexandria Mall I LLC** is wholly owned by Alexandria Mall Sub I LLC, which in turn, is wholly owned by 2500 Broadway LLC, a New York LLC;

2) **Alexandria Mall II LLC** is wholly owned by Alexandria Mall Sub II LLC, which in turn, is wholly owned by 2500 Broadway LLC, a New York LLC;

3) **Alexandria Mall III LLC** is wholly owned by Alexandria Mall Sub III LLC, which in turn, is wholly owned by Wilshire Plaza LLC, a New York LLC.

(Sixth Suppl. & Amend. Compl., ¶ 26).

However, plaintiffs were unable to further penetrate the members of 2500 Broadway LLC and Wilshire Plaza LLC. Also, counsel for the Alexandria Mall LLCs represented that he was unable to provide this information and that 2500 Broadway and Wilshire Plaza were unwilling to disclose it. (Opp. to M/Compel [doc. # 173]). Accordingly, plaintiffs' efforts to properly allege the citizenship of the Alexandria Mall entities has reached an impasse.

In the aftermath of plaintiffs' two prior unsuccessful attempts to amend their complaint to establish the citizenship and diversity of the parties (*see*, Fourth and Fifth Supplemental and Amending Complaints), the undersigned cautioned plaintiffs that by filing their Sixth Supplemental and Amending Complaint, they will have implicitly acknowledged that they have received all necessary jurisdictional discovery, and that the pleading represents their best, complete, and final effort to establish jurisdiction. (April 2, 2009, Order [doc. # 158]). On May 1, 2009, plaintiffs filed their Sixth Supplemental and Amending Complaint. (6th Suppl. & Amend. Compl. [doc. # 166).[7] The matter is now before the court.

---

[7] Contemporaneous with their Sixth Supplemental and Amending Complaint, plaintiffs filed a motion to compel discovery. (M/Compel [doc. # 167]). The undersigned has addressed the motion to compel by separate memorandum order.

**Law and Analysis**

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). This rule requires "strict adherence." *Getty Oil, supra*.

For purposes of diversity, the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[8]

---

[8] For LLCs organized under the laws of Delaware and/or New York, the courts also look to the LLC's members to determine citizenship. *E-Beam Services, Inc. v. XL Foam LLC*, 2008 WL 4890136 (D. N.J. Nov. 13, 2008) (Delaware LLC); *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. NY May 2, 2007) (New York LLC).

Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because "only natural persons and corporations have a legal existence — for diversity purposes — that is not dependent on the citizenship of their constituent members."  Brief of Cerberus Capital Management, L.P., *Lawson v. Chrysler LLC*, Civil Action No. 08-0019 (S. D. Miss. Dec. 18, 2008); *Lewis v. Allied Bronze, LLC, supra*; *see also*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

This court is not unmoved by the onerous burden placed upon a party invoking diversity jurisdiction to pierce multiple layers of unincorporated associations in order to affirmatively allege and establish citizenship.[9]  In similar circumstances, however, other courts have acknowledged their inability to relax this jurisdictional nicety, and have resorted to dismissal where the party invoking jurisdiction remains unable to penetrate the membership thicket of an LLC.  *See, Lawson v. Chrysler LLC*, 2009 WL 961226 (S.D. Miss. Apr. 7, 2009) (suit dismissed where plaintiff remained unable to discover members of Chrysler LLC's sub-member); *Lewis, supra* (suit dismissed where plaintiff failed to identify ultimate owners of defendant LLC).

In this case, the court has afforded plaintiffs ample opportunity to affirmatively allege and

---

[9]  Also, because state laws generally do not require disclosure of members of limited liability companies, public records rarely contain the information necessary to allege diversity jurisdiction.  *Lewis, supra*.

establish citizenship for purposes of diversity.  As the record now stands, and in light of

plaintiffs' implicit concession that their Sixth Supplemental and Amending Complaint

"represents their best, complete, and final effort to establish jurisdiction," the undersigned is

constrained to find that plaintiffs have failed to establish federal subject matter jurisdiction, via

diversity.  Under these circumstances, where a party has been permitted an opportunity to amend

its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is

warranted.  *Patterson v. Patterson*, 808 F.2d 357, 358 (5ᵗʰ Cir. 1986).[10]

For the foregoing reasons, the undersigned finds that plaintiffs have not met their burden

of establishing the existence of federal subject matter jurisdiction.  *Howery, supra*; 28 U.S.C. §

1332.  When subject matter jurisdiction is lacking, dismissal is required.  Fed.R.Civ.P. 12(h)(3).

Furthermore, in the absence of original subject matter jurisdiction, the court lacks supplemental

jurisdiction over the cross-claim(s) and third-party demand(s) asserted by the Alexandria Mall

entities.  *See*, 28 U.S.C. § 1367. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' complaint, including all cross-claims and third-

party demands, be **DISMISSED, without prejudice**.

---

[10]  The potential hardship imposed by this dismissal is ameliorated by the court's appreciation that plaintiffs may re-file this matter in state court during the delays associated with this report and recommendation.  Such a filing will help to ensure that the state court suit is not plagued by exceptions of prescription.  *See*, La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So.2d 1242 (La. 1987); *Woods v. State, Dept. of Health and Hospitals*, 992 So.2d 1050, 1055 (La. App. 1st Cir.), *writ denied*, 996 So.2d 1133 (La. 2008).  Indeed, plaintiffs recognized the potential need to re-file this matter in state court at the time they filed their initial complaint: "[s]hould complainant discover any partners who are citizens of Louisiana, complainant will re-file in state court and stop this proceeding".  (Compl., ¶1(a)).

Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the state court suit, much of the discovery and work performed here should readily transfer to the state court proceeding.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of June, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE